**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESUS ENRIQUE SANCHEZ VASQUEZ,<br><br>                 Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                 Respondent. | Case Nos. 3:21-cv-2155-LAB<br>               3:18-cr-03560-LAB-1<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br>**[Dkt. 1]** |

In April 2019, this Court sentenced Petitioner Jesus Enrique Sanchez Vasquez ("Petitioner") to 71 months' imprisonment and assessed costs of $100, but no fine, for felony importation of methamphetamine pursuant to 21 U.S.C. § 960(b). In June 2019, in a related case filed before the Court, Petitioner filed a petition for writ of habeas corpus, claiming that although his sentence didn't include a fine, he nevertheless paid a considerable fine (more than the maximum allowed by statute), which absolved him from serving the remainder of his custodial sentence. *Sanchez Vasquez v. United States of America*, Case No. 19-cv1154-LAB-JLB, Dkt. 1 at 1, 7–8. But the Court denied his petition, finding that "Petitioner can't override the Court's statutory authority to impose a custodial sentence by paying a fine the Court didn't impose." *Id.*, Dkt. 4 at 2.

Now before the Court is another petition for writ of habeas corpus under 28 U.S.C. § 2255, filed on December 14, 2021. (Dkt. 1). Because Petitioner's prior petition was adjudicated on the merits, the present habeas petition is barred as a second or successive petition. 28 U.S.C. § 2244(b). Indeed, Petitioner may not file a second or successive § 2255 petition unless he makes a *prima facie* showing to the appropriate court of appeals that the petition is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Section 2255(h)(2) creates a jurisdictional bar to Petitioner's claims: "If the petitioner does not first obtain [] authorization [from the appellate court], the district court lacks jurisdiction to consider the second or successive application." *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009).

The Court is unable to ascertain from the Petition the basis for Petitioner's challenge to his conviction and sentence. Nonetheless, Petitioner has failed to present any evidence that he was granted leave to file a second or successive § 2255 petition by the Ninth Circuit, let alone how any of the exceptions that allow for a second or successive habeas petition apply here.

//
//
//
//

1  The Court therefore **DISMISSES** the second or successive petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 without prejudice subject to refiling if Petitioner obtains the necessary order from the Ninth Circuit.[1]

**IT IS SO ORDERED**.

Dated: July 1, 2022

*Larry A. Burns*

**HON. LARRY ALAN BURNS**
United States District Judge

---

[1] The Court also notes that there may be a statute of limitations issue as there is a one-year statute of limitation for a § 2255 petition. See 28 U.S.C. § 2255(f).